UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re. JOSEPH BROCKETT,    No. C 06-1423 SI (pr)

Petitioner.    **ORDER OF DISMISSAL**

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿／

Joseph Brockett wishes to challenge his state court criminal conviction. Rather than filing a petition for writ of habeas corpus, he filed a motion for extension of time to file a petition for writ of habeas corpus, in which he requests additional time to file his federal habeas petition because he had reduced access to his materials for a while and is pursuing a habeas petition in state court.

The court cannot provide the requested extension of time on the habeas statute of limitations deadline, see 28 U.S.C. § 2244(d). Under general principles derived from the "case or controversy" requirement of Article III, Section 2, of the United States Constitution, a federal court may not issue advisory opinions. See United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'" Id. (quoting Princeton University v. Schmid, 455 U.S. 100, 102 (1982)). There is no concrete dispute for this court to decide: Brockett's request in essence asks the court to determine in advance whether his petition for writ of habeas corpus will be time-barred if it is filed at some unspecified date in the future which may or may not be within the one-year period prescribed by 28 U.S.C. § 2244(d). This court could not grant the requested relief without offending the

Constitution's case or controversy requirement. Although Brockett obtains no relief today, he is not forever barred from requesting relief. See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (Section 2244(d) is subject to equitable tolling, although such tolling will not be available in most cases because extensions of time should only be granted if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time), cert. denied, 522 U.S. 1099, and cert. denied, 523 U.S. 1061 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999). If and when Brockett files a late habeas petition, he may make his tolling argument. At that point, and not before then, the court will consider whether the statute of limitations should be tolled. The request for an extension of time is DENIED. (Docket # 1 and # 3.)

There is no case or controversy over which the court may exercise jurisdiction. The action is therefore DISMISSED. The clerk shall close the file.

IT IS SO ORDERED.

DATED: May 12, 2006

_____
SUSAN ILLSTON
United States District Judge

2